UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC PHILLIPS, J91735,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Acting Warden,<br><br>Respondent. | Case No. 20-cv-03419-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 3) |

**I.**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) April 10, 2018 decision to deny him parole. Petitioner claims BPH violated his due process rights by finding him unsuitable for parole for five years despite substantial suitability evidence to the contrary.

Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 (ECF No. 3) which, based on his affidavit of poverty, is GRANTED.

**II.**

The Supreme Court has made clear that, in the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). The Constitution does not require more. Id.

Whether BPH's decision was supported by some evidence of parole unsuitability is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 221. And for the same reason, it is no federal concern whether California's relevant factors received individualized consideration.

As the Ninth Circuit has put it, "Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 562 U.S. at 220). Because petitioner does not question whether these procedures were provided, this court's inquiry "is at its end." Id.

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: August 31, 2020

_____
CHARLES R. BREYER
United States District Judge

2